David R. Keesling, Esq., *Pro Hac Vice* (OBA # 17881)
Richardson Richardson Boudreaux Keesling
7447 S. Lewis Ave.
Tulsa, Oklahoma 74136
*drk@rrbklaw.com*
Telephone:   (918) 492-7674
Facsimile:    (918) 493-1925

Joseph E. Deems (CA Bar No. 64012)
Deems Law Offices, APC
16133 Ventura Blvd, Suite 1055
Encino, CA 91436
*joe.deems@gmail.com*
Telephone:   (818) 995-3789
Facsimile:    (818) 995-6496

Attorneys for Michael & Brittany Koper

# UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRINITY CHRISTIAN CENTER OF SANTA ANA, INC., *a California Corporation*, <br><br> Petitioner, <br><br> v. <br><br> MICHAEL KOPER, *an individual*; and BRITTANY KOPER, *an individual* <br><br> Respondents. | Case Nos. <br>    SACV 12-1049 DOC(RNBx) <br>    SACV 12-1121 DOC(RNBx) <br><br> Related to: <br>    SACV 12-0161 DOC(RNBx) <br><br> ———————————— <br> **KOPERS' BRIEF CONCERNING SUBJECT MATTER JURISDICTION, ARBITRABILITY, AND THE ALL WRITS ACT** <br><br> JUDGE: Hon. David O. Carter <br><br> Date:  November 2, 2012 <br> Time:  7:30 a.m. <br> Courtroom: 9-D |

## I.   INTRODUCTION

There are a series of issues concerning arbitrability pending between Petitioner Trinity Christian Center of Santa, Inc. ("Trinity") and Respondents Brittany and Michael Koper (the "Kopers") (collectively the "Parties"), particularly:

1.   Whether a valid, irrevocable and enforceable arbitration agreement between Trinity and the Kopers.

2.   Whether certain grounds exist in equity or in law for the revocation of said arbitration agreement.

3.   Whether the Federal Arbitration Act or the California Arbitration Act apply to the subject arbitration agreement in this matter.

4.   Whether there exists a right to a jury trial to determine the validity, enforceability or revocation of the subject arbitration agreement.

The Parties have stipulated that these issues of arbitrability shall be determined by the Honorable David O. Carter.  However, as a threshold matter, the Court has raised the issue of whether it is proper for this Court to determine these arbitrability issues, i.e. whether subject matter jurisdiction exists.  As set forth herein, this Court has subject matter jurisdiction over these issues because the complete diversity of citizen exists between the Parties and the amount in the underlying controversy exceeds $75,000.00.

Additionally, the Kopers have set forth an expansion to the Kopers' previous Response to 9/7/12 Order to Show Cause concerning the application of the All Writs Act

1  addressing certain concerns brought by Trinity's Objection to Requests to Transfer State

2  Court Actions to Federal Court. [Dkt. No. 68 in SACV 12-1049].

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE ISSUES OF ARBITRABILITY

State and federal arbitration acts do not confer jurisdiction upon the United States

District Courts. *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004).

Instead, the federal courts must have an independent basis to exercise federal jurisdiction

to hear arbitration disputes. *Id*.  Pursuant to 28 U.S.C.A. § 1332(a), federal courts have

original jurisdiction where the controversy involves citizens of different States and the

amount in controversy exceeds $75,000.  The citizenship issue is determined at the time

of filing the lawsuit. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571, 124

S.Ct. 1920, 1924 (2004).  The amount in controversy is determined from the face of the

pleadings. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d

1102, 1106 (9th Cir. 2010).  For the purposes of determining jurisdiction of a complaint to

compel arbitration, the "controversy" means the underlying dispute among the parties.

See *Vaden v. Discover Bank*, 556 U.S. 49, 78, 129 S.Ct. 1262 (2009).  The question to

determine is whether in the absence of the arbitration agreement if the federal court

would have jurisdiction over the subject matter of a suit arising out of the controversy

between the parties. *Id*. at 80, 129 S.Ct. 1262.

In this case, Plaintiff Trinity pled in the initial Complaint that Trinity is a

California non-profit corporation. [Notice of Removal, Dkt. No. 1 in SACV 12-1121].

Therefore, Trinity is a citizen of the State of California.  As of the date of the original

3

filing of Trinity's Complaint, the Kopers reside and are permanently domiciled in the State of New York. [*Id*.].   Accordingly, there is diversity of citizenship in this matter. Additionally, the amount in controversy pled by Trinity in its Demand for Arbitration includes hundreds of thousands of dollars in claimed damages against the Kopers. [Attached to Request for Judicial Notice, Ex. 1, Dkt. No. 1 in SACV 12-1049].   All parties concur that the amount in controversy exceeds $75,000.00.   Accordingly, this Court has original subject matter jurisdiction over the arbitrability issue as a consequence of complete diversity.

### III.   THE COURT HAS THE AUTHORITY UNDER THE ALL WRITS ACT TO PULL THE OTHER CASES UNDER ITS JURISDICTION

The Kopers hereby incorporate their arguments on this issue contained in the Koper Defendants' Response to 9/7/12 Show Cause [Dkt. No. 66 in SACV 12-1049] and expand further as follows:

### A.   There is Diversity Jurisdiction over ICB I

The ICB I case was filed against the Kopers and against Northwestern Mutual Life Insurance Company ("Northwestern Mutual").   As pled by Trinity (a/k/a ICB), Northwestern Mutual is a "Wisconsin Corporation and doing business in the State of California, County of Orange. [Complaint in Orange County Case No. 30-2012-00565340, attached hereto as Exhibit "1"].   For diversity-of-citizenship purposes, a corporation's citizenship exists in the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).   The principal place of business refers to the place where the corporation's officers direct, control and coordinate

the corporation's activities. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).  While personal jurisdiction and venue may be established in a state where a corporation is doing business, merely doing business there does not necessarily render the corporation a citizen of that state.  See generally *Kaufman v. General Ins. Co. of America*, 192 F.Supp. 238 (S.D. Cal. 1961).

Northwestern Mutual was incorporated in Wisconsin and its principal corporate headquarters are located in Wisconsin. [See Corporate Office Information, attached hereto as Exhibit "2"]. Because Northwestern Mutual conducts business in California, as pled by Trinity, personal jurisdiction could be maintained in California. See *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 – 317, 66 S.Ct. 154 (1945).   However, for diversity purposes, Northwestern Mutual is a citizen of Wisconsin.  As such, with Trinity being a citizen of California, the Kopers as citizens of New York and Northwestern Mutual a citizen of Wisconsin, complete diversity exists between the parties.  Accordingly, this Court has an independent basis for jurisdiction for purposes of removal pursuant to *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32-22, 123 S.Ct. 366, 369-370 (2002).

**B.      Trinity I has been related and should be consolidated with ICB I**

Because Trinity I is a claim for injunctive relief against the Kopers, Trinity has argued that diversity jurisdiction is impossible without a claim for monetary recovery.  However, the request for injunction sought in Trinity I is the exact same injunction sought in the original Redemption Strategies ("RSI") lawsuit and then in the amended

ICB I.  The Orange County Superior Court has already related the Trinity I case with the ICB I and transferred the cases to the same Judge.  Consolidation is highly likely because the claim is identical.  Trinity apparently hopes to avoid bringing all of these original RSI claims in front of this Court, so Trinity has split up everything into multiple cases.  However, with the ICB case being removed to this Court, the injunction issue will come with it whether Trinity I is brought or not.  For judicial economy and to prevent any threats to the Court's exercise of proper jurisdiction over the injunction issue, the All Writs Act should be implicated to fill this gap and achieve the rational ends of law. *U.S. v. New York Tel. Co.*, 434 U.S. 159, 171, 98 S.Ct. 364, 372 (1977).

**C.    There was no waiver of the Kopers right to remove because removal was not possible**

The Kopers request the Court exercise its authority under the All Writs Act because statutory removal under 28 U.S.C. § 1446(b) is not a viable option for the Kopers.  With Northwestern Mutual's objection to the removal of ICB I initially, the Kopers were prevented from exercising their rights under the removal statute as 28 U.S.C. § 1446 requires *all* defendants to consent. The right of removal was not waived by the Kopers.  Additionally, the claims under ICB I and Trinity I previously existed under this Court's continuing jurisdiction upon the removal of RSI.  Without a remand, this Court maintained jurisdiction on those RSI claims. *Allstate Ins. Co. v. Superior Court*, 132 Cal.App.3d 670 (1982).  This previous jurisdiction is sufficient to trigger the Court's application of the All Writs Act.

**D.    The All Writs Act is an appropriate tool for removal in this instance**

6

The All Writs Act provides federal courts with the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The All Writs Act assists the court in achieving "the rational ends of law." *U.S. v. New York Tel. Co.*, 434 U.S. 159, 171, 98 S.Ct. 364, 372 (1977).

When RSI dismissed the initial complaint against the Kopers, Trinity consequently split the claims into multiple lawsuits and filed in different fora.  With the procedural gaps that the Kopers have fallen into, many of them as a consequence of Trinity "assigning" its claims to sham entities, there has been no adequate remedy in the procedural federal and state statutes.  The All Writs Act is precisely the remedy to protect litigants, such as the Kopers, and help to avoid duplicative and harassing litigation.  When this Court issued its September 7, 2012 Show Cause Order asking how and whether the cases should be combined, it only made sense that the Court should also consider combining the existing state and New York federal cases as well.

## IV.   CONCLUSION

WHEREFORE, the authorities are clear that the Court has subject matter jurisdiction to determine the issue of arbitrability of the claims between Trinity Christian Center of Santa Ana, Inc. and the Brittany and Michael Koper.  Further, the Kopers respectfully pray that the Court exercise its authority under the All Writs Act to bring in all currently pending claims between the Kopers and the Trinity entities into this Court's jurisdiction and for such further relief as the Court deems just and proper.

1

2   Dated: October 12, 2012

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RICHARDSON RICHARDSON BOUDREAUX KEESLING**

/s/ David R. Keesling
David R. Keesling, Esq.
Attorneys for Michael & Brittany Koper

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2012, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following counsel of record:

Douglas Mahaffey
Michael J. King
Ted J. Nelson
Claudia Stone
Jonathan Cole
Joseph E. Deems

/s/ David R. Keesling
Attorney for Michael & Brittany Koper

KOPERS' BRIEF CONCERNING SUBJECT MATTER JURISDICTION,
ARBITRABILITY, AND THE ALL WRITS ACT