O JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **TRINITY CHRISTIAN CENTER OF SANTA ANA, INC.**, a California corporation,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>**MICHAEL KOPER**, an individual; and **BRITTANY KOPER**, an individual,<br><br>　　　　　Respondents. | Case No.: SACV 12-1049 DOC(RNBx)<br>Case No.: SACV 12-1121 DOC(RNBx)<br><br>**ORDER GRANTING PETITIONER'S RENEWED PETITION TO COMPEL ARBITRATION** |

　　　Before the Court is Petitioner Trinity Christian Center of Santa Ana's ("Trinity's") Renewed Motion to Compel Arbitration (Dkt. 141[1]). After reviewing the motion, opposition, and reply, and after oral arguments were heard on June 20, 2013, the Court GRANTS the motion.

**I.　Background**

---

[1] All docket numbers refer to Case No. SACV 12-1049 DOC(RNBx).

-1-

In like a lion, out like a lamb. This case came to the Court in a flurry of confused and breathless filings that soon expanded far beyond the walls of this courthouse, peppering the country's state and federal courts with various disputes between the parties. The procedural history of this Court's reaction to those multiple filings is well known to all parties, and has been summarized in several previous orders of the Court. *See* Order Denying Defendants' Request for the Removal, Dismissal, or Consolidation of Related State and Federal Cases (Dkt. 112); July 25, 2013, Minute Order (Dkt. 32).

Presently, the only claim remaining before this Court is Trinity's Petition (Dkt. 1) to compel arbitration regarding Trinity's allegations that Brittany and Michael Koper ("the Kopers"), while working for Trinity, misused credit cards, embezzled funds, breached fiduciary duties, stole Trinity property, and breached the terms of a confidentiality agreement. *See* Pet. at 4-8. During the course of several ongoing disputes about venue and jurisdiction, the parties stipulated that certain threshold issues of arbitrability would be decided by this Court. *See* Kopers's Opp'n (Dkt. 148) Ex. A.

**a. The Arbitration Clause**

It is undisputed that both Kopers signed the following arbitration agreement:

> I agree and acknowledge that the Company [Trinity] and I will utilize binding arbitration to resolve all disputes that may arise out of the employment context. . . . Both the company and I agree that any claim, dispute, and/or controversy that either I may have against the Company . . . or the Company may have against me, arising from, related to, or having any relationship or connection whatsoever, with my seeking employment with, employment by, or other association with the Company shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act under the jurisdiction of the County of Orange in the State of California, also in conformity with the procedures of the California Arbitration Act (Cal. Code Civ. Proc. Sec. 1280 et seq. . . ). Included within the scope of this Agreement are all disputes, whether they be based in tort, contract, statute . . . equitable law or otherwise. . . .

Pet. Ex. B.

### b. The Present Motion

On May 15, 2013, Trinity filed the present motion seeking to compel arbitration. *See* Mot. In it, Trinity argues that, because there is no dispute that the Kopers signed the agreement to arbitrate, and no dispute as to the material terms of that clause, all issues, including the issue of the arbitrator's own jurisdiction, should be decided by the arbitrator. *See id.* at 4. In response, the Kopers argue that the parties stipulated that the question of the arbitrator's jurisdiction would be decided by this Court, and that the issue of arbitrability "is still in dispute and not ripe for decision."[2] Kopers' Opp'n at 7.

### II. Legal Standard

The Federal Arbitration Act ("FAA") states that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This statute reflects a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25 (1991) (quoting *Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp.,* 460 U.S. 1, 24 (1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc .,* 473 U.S. 614, 626 (1985). A court must decide (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. *Chiron Corp. v. Ortho Diagnostic Sys.,* 207 F.3d 1126, 1130 (9th Cir.2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." *First*

---

[2] At oral arguments on June 20, 2013, counsel for the Kopers' reiterated their contention that discovery is not yet complete on questions of the arbitrabilty of Trinity's claims. The Court declines to make any finding on this question, as it is irrelevant to the Court's reasoning in issuing this Order

*Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995); *Circuit City Stores v. Adams,* 279 F.3d 889, 892 (2002).

### III. Discussion

#### a. The Arbitrator's Jurisdiction

While it is generally a court's task to "determine whether the parties agreed to arbitrate the dispute," *Mitsubishi Motors,* 473 U.S. at 626, the court "will be divested of that authority if the parties 'clearly and unmistakably provide' that an arbitrator is to decide whether a dispute is subject to arbitration." *New England Mech., Inc. v. Laborers Local Union 294*, 909 F.2d 1339, 1345 (9th Cir. 1990) (quoting *AT & T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 649 (1986). The Ninth Circuit has held that the parties "may empower the arbitrator to decide arbitrability through the use of a broad arbitration clause." *Id.* In *New England Mechanical*, the court held that an agreement stating that an arbitrator should resolve "[a]ny dispute regarding the interpretation or application of this Agreement, other than a jurisdictional dispute . . . ." nevertheless mandated that the arbitrator should decide the threshold question of "whether or not the dispute is, in fact, jurisdictional." *Id.*; *see also Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 v. Interstate Distrib. Co.,* 832 F.2d 507, 510-11 (9th Cir.1987) (finding that when an arbitration clause covered "any grievance or controversy," an arbitrator decides arbitrability of the dispute); *Frederick Meiswinkel, Inc. v. Laborers' Union Local 261*, 744 F.2d 1374, 1377 (9th Cir. 1984) (when a contract included the same arbitration agreement found in *New England Mechanical*, "the arbitrator had the authority to decide whether the dispute was in fact jurisdictional.").

Here, the arbitration agreement includes an extremely broad arbitration clause, similar to the cases listed above. The arbitrator must decide "all disputes that may arise out of the employment context. . . . Included within the scope of this Agreement are *all disputes*, whether they be based in tort, contract, statute . . . equitable law or otherwise. . . ." Pet. Ex. B (emphasis added). The issue of arbitrability is one that involves "contract," "statute," and "equitable law," as explicitly contemplated by the arbitration agreement.

Instead of responding to this point of law, the Kopers instead argue that the parties have stipulated that this Court should decide the issue of "who determines arbitrability." Kopers' Opp'n at 8. They refer to a September 17, 2012, appearance before this Court, at which the parties stated that, "[i]n the event this Court determines that it has subject matter jurisdiction over the issue of arbitrability and because the parties hereto have reached no agreement on the issue of whether the Federal Arbitration Act or California Arbitration Act applies, the parties hereby agree that this limited issue will be determined by the Honorable David O. Carter." Kopers' Opp'n Ex. A ¶1. However, at that same September 17, 2012, proceeding, counsel clarified what was intended by the stipulation:

> MR. MAHAFFEY: The parties have agreed that the issue of arbitrability in this matter is simply defined as the process by which the parties are submitting this issue to the federal court to determine, in its first instance, whether there's subject matter jurisdiction; whether or not, if there is subject matter jurisdiction, the Court will take the laboring oar of interpreting the agreement -- after the Court takes that laboring oar, then reaching an interpretation of the agreement.

Transcript of Sept. 17, 2012, Hearing (Dkt. 82) at 37.

Thus, it was understood that the threshold question of "whether or not . . . the Court will take the laboring oar of interpreting the agreement" (i.e. "who determines arbitrability") preceded the follow-up matter of interpreting the arbitration agreement as it applies to Trinity's claims against the Kopers. Here, as in *Brotherhood of Teamsters*, because the Court finds that the question of arbitrability itself is one for the arbitrator, this Court's involvement must end. *See Brotherhood of Teamsters,* 832 F.2d at 512 (remanding "with directions to the district court to grant the petition to compel arbitration").

### b. Other challenges to the validity of the employment contract

The Kopers' remaining challenges to the validity of their employment contract include arguments that "termination or waiver" would render the entire employment contract null. Kopers' Opp'n at 8. This appears to be a reference to the Kopers' argument that they were

-5-

1 released from their employment contract by a letter allegedly from Brittany Koper's grandfather,
2 Paul S. Crouch, Sr., Trinity President, stating that "[a]s newly appointed officers, you enter into
3 a new 'employment agreement' with TBN (just as Jan and I did so many years ago).  You are no
4 longer bound by the agreements and understandings of everyday TBN employees; instead, you
5 are now held to a higher calling and bound to the employ of God himself!  You must ensure that
6 TBN is continued as a vehicle to share the good news of Jesus Christ with the world!"  Mot. at
7 4.

However, attacks on "the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved 'by the arbitrator in the first instance, not by a federal or state court.'" *Nitro-Lift Technologies, L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012) (quoting *Preston v. Ferrer,* 552 U.S. 346, 349 (2008)). Specifically, "where a dispute exists over whether a contract with an arbitration clause has expired or been terminated, the proper initial inquiry for the court is whether the arbitration clause covers such disputes," and, as in the case of a broad arbitration clause like the one found here, "the question [of] whether a particular act or failure to act effectively serves to terminate the agreement is to be resolved by an arbitrator." *Brotherhood of Teamsters,* 832 F.2d at 511.

### c. Other motions

Currently before this Court are two competing motions involving alleged chicanery on the part of the opposing party.  First, the Kopers have filed an Application to Stay Case (Dkt. 114) pending the resolution of a motion for terminating sanctions that is ongoing in an unrelated state court case between the parties.  The Kopers claim that, during a deposition taking place in the Eastern District of New York and involving claims currently before a state court judge in Orange County, California, Trinity's counsel spied on what the Kopers believed to be a private conference with their attorney.  Because this Court finds the ongoing state court motion irrelevant to the proceedings in this case, and because the Court has found that this matter should properly be before an arbitrator, the Kopers' petition is DENIED.

Trinity has also filed a Motion (Dkt. 115) seeking sanctions for the alleged perjury of Michael Koper regarding false claims of service in the Marine Corps at deposition and in court

-6-

documents. *See* Mot. for Sanctions at 4-5. Because that motion seeks, as one option for sanctions, an order compelling arbitration, and because this Court has already decided that it must issue an order compelling sanctions, Trinity's motion is DENIED AS MOOT. To the extent that Trinity also seeks monetary sanctions, the motion is DENIED.

**IV.   Disposition**

For the foregoing reasons, Trinity's Renewed Petition to Compel Arbitration is GRANTED, and the Court hereby ORDERS the parties to resolve Trinity's claims before a neutral arbitrator chosen in compliance with the arbitration agreement. Additionally, the Court hereby STAYS this action pending the resolution of all claims in arbitration, and ORDERS the parties to file a status update beginning December 23, 2013, and every six months until the conclusion of the matter.

DATED:  June 21, 2013

*David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE